**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 22-cv-01421-NYW-KLM

TODD FRANK BOVO,

    Plaintiff,

v.

PAULA GEORGIA BOVO,

    Defendant.

---

**ORDER OF DISMISSAL**

---

This matter is before the Court on Plaintiff's Response to Order Dated August 3, 2022 (the "Response to Order to Show Cause" or "Response"). [Doc. 36]. The Court has reviewed Plaintiff's Response, the entire docket, and the applicable case law, and concludes that a hearing will not materially assist in the resolution of this matter.[1] Because this Court lacks subject matter jurisdiction over this action, it must dismiss this case without prejudice.

**BACKGROUND**

Plaintiff Todd Frank Bovo ("Plaintiff" or "Mr. Bovo") initiated this civil action on June 6, 2022, invoking this Court's jurisdiction under 28 U.S.C. § 1331. [Doc. 1 at ¶ 2].[2] In his Complaint, Plaintiff named the Arapahoe County Sheriff's Office, County Sheriff Tyler S. Brown, Deputy Kenneth Foley, Deputy Mateo Montoya-Collins, and Brian Ahlberg (collectively, the

---

[1] Plaintiff "respectfully requests a hearing on the matter," [Doc. 36 at ¶ 9], but does not explain why a hearing is necessary or would be helpful to the Court.

[2] Plaintiff also asserts that the Court has jurisdiction under 28 U.S.C. §§ 1343, 1367, and 2201, *see* [Doc. 1 at ¶ 2], which are addressed below.

"Government Defendants"), as well as Paula Georgia Bovo ("Defendant" or "Ms. Bovo"), as Defendants in this matter. [*Id.* at 1]. Relevant here, Plaintiff asserts the following claims against Ms. Bovo: (1) a Fourteenth Amendment due-process claim under 42 U.S.C. § 1983; (2) a § 1983 Fourth Amendment malicious prosecution claim; (3) a state-law false misrepresentation claim; (4) a state-law defamation claim; (5) a claim for "[e]xemplary damages pursuant to 42 U.S.C. § 1983"; and (6) a claim alleging a violation of Colo. Rev. Stat. § 14-70-127(8). [*Id.* at 10-14].[3] Ms. Bovo answered the Complaint on July 13, 2022. [Doc. 18].

On July 26, 2022, Plaintiff and the Government Defendants jointly moved for an extension of time for the Government Defendants to respond to the Complaint. [Doc. 21]. In addition to requesting an extension of time, the moving Parties also requested (1) permission for the Government Defendants to not participate in the creation of a proposed Scheduling Order or the then-scheduled August 23, 2022 Scheduling Conference; and (2) leave to conduct depositions of Defendants Foley and Ahlberg. [*Id.* at ¶ 1]. The moving Parties represented that they had agreed that "the parties [would] conduct the depositions of [Defendants Foley and Ahlberg]" and that "following the completion of the depositions . . . and no later than September 2, 2022, the Plaintiff

---

[3] Additionally, Plaintiff asserted the following claims against the Government Defendants: (1) a § 1983 Fourth Amendment unreasonable seizure claim against Defendants Foley and Montoya-Collins; (2) a § 1983 Fourth Amendment false arrest claim against Defendants Foley and Montoya-Collins; (3) a § 1983 Fourteenth Amendment due-process claim against Defendants Foley, Montoya-Collins, and Ahlberg; (4) a state-law claim for false imprisonment and false arrest against Defendants Foley and Montoya-Collins; (5) a § 1983 Fourth Amendment malicious prosecution claim against Defendants Foley, Montoya-Collins, and Ahlberg; (6) a § 1983 claim alleging failure to train, discipline, or supervise against the Sheriff's Office and Defendant Brown; (7) a claim for "[e]xemplary damages pursuant to 42 U.S.C. § 1983;" and (8) a claim asserting a violation of Colo. Rev. Stat. § 14-10-127(8) against Defendant Ahlberg. [Doc. 1 at 8-14].

[would] file a voluntary dismissal with prejudice of the [Government Defendants]." [*Id.*]. Ms. Bovo opposed the Motion for Extension of Time. [*Id.* at ¶ 2].

This Court held a Status Conference on the Motion for Extension of Time on August 2, 2022. *See* [Doc. 27]. At the Status Conference, Plaintiff confirmed that all claims against the Government Defendants would be dismissed regardless of the content of the substantive deposition testimony of Defendants Foley or Ahlberg. *See* [Doc. 26 at 2]. Based on Plaintiff's representation, this Court suggested that if the claims against the Government Defendants are dismissed from this action, the Court would no longer have subject matter jurisdiction over the remaining claims against Ms. Bovo, given the fact that diversity jurisdiction does not exist between Plaintiff and Ms. Bovo pursuant to 28 U.S.C. § 1332 and because, generally speaking, § 1983 claims cannot be raised against private individuals. [*Id.*]. Plaintiff agreed with the Court's suggestion regarding a lack of jurisdiction should the Government Defendants be dismissed from this case. [*Id.*].

This Court granted the Motion for Extension of Time in part, extending the Government Defendants' deadline to answer the Complaint, permitting the limited discovery requested by the moving Parties, and vacating the Scheduling Conference, to be reset at a later time if appropriate. [*Id.* at 3]. The Court ordered that the depositions be conducted no later than September 6, 2022 and ordered Plaintiff to voluntarily dismiss the Government Defendants under Rule 41 of the Federal Rules of Civil Procedure no later than September 12, 2022. [*Id.*]. In addition, the Court ordered Plaintiff to show cause "as to why the remaining claims against Ms. Bovo should not be dismissed for lack of subject matter jurisdiction" no later than September 16, 2022. [*Id.*].

On September 12, 2022, Plaintiff moved to voluntarily dismiss the Government Defendants from this case. *See* [Doc. 33]. As noted by the Court, Plaintiff's motion operated as

3

a self-effectuating notice of dismissal pursuant to Rule 41(a)(1)(A)(i), and thus, Plaintiff's claims against the Government Defendants were dismissed upon the filing of that notice. [Doc. 34]. As a result of Plaintiff's voluntary dismissal of the Government Defendants, Ms. Bovo remains the only Defendant in this matter.

Mr. Bovo filed his Response to the Order to Show Cause on September 16, 2022. [Doc. 36]. In the Response, Mr. Bovo "acknowledge[es] that the remaining claims against Ms. Bovo are state law claims." [*Id.* at ¶ 9]. He continues, "[p]ursuant to C.R.S. § 13-80-111,[4] and reflective that this action was commenced within the period allowed by the law, Plaintiff seeks this Court to either decide to hear the remaining claims or terminate the remaining claims based on lack of subject matter jurisdiction." [*Id.*]. Plaintiff posits that "[t]his situation has evolved into a miscarriage of justice which this [C]ourt could remedy," [*id.*], but does not explain this statement further.

## ANALYSIS

A federal court must satisfy itself as to its own jurisdiction and may take *sua sponte* action to do so. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). A court should not proceed in a case unless it has first assured itself

---

[4] This statute provides that "[i]f an action is commenced within the period allowed by this article and is terminated because of lack of jurisdiction or improper venue, the plaintiff . . . may commence a new action upon the same cause of action within ninety days after the termination of the original action or within the period otherwise allowed by this article, whichever is later, and the defendant may interpose any defense, counterclaim, or setoff which might have been interposed in the original action." Colo. Rev. Stat. § 13-80-111(1).

4

that jurisdiction exists. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

There are two statutory bases for federal subject matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff asserts that the Court has federal jurisdiction pursuant to § 1331, which states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "For a case to arise under federal law within the meaning of § 1331, the plaintiff's 'well-pleaded complaint' must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quotations omitted). Federal question jurisdiction "must appear on the face of a plaintiff's well-pleaded complaint." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986). "The complaint must identify the statutory or constitutional provision under which the claim arises, <u>and allege sufficient facts to show that the case is one arising under federal law</u>." *Id.* (emphasis added).

Generally speaking, § 1983 claims cannot be raised against private individuals. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."); *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996) ("In order to hold a private individual liable under § 1983, it must be shown that the private person was jointly engaged with state officials in the challenged action, or has obtained significant aid from state officials, or that the private

individual's conduct is in some other way chargeable to the State."). Despite a plaintiff's own framing of a claim as purportedly arising under § 1983, a court does not have federal question jurisdiction over the claim if the pleading does not allege that the defendant is a state actor or that the defendant's conduct is otherwise chargeable to the state. *Walters v. Lewis*, No. CV 09-0811 BB/LAM, 2009 WL 10706935, at *2 (D.N.M. Oct. 15, 2009), *report and recommendation adopted*, 2009 WL 10706692 (D.N.M. Nov. 13, 2009); *Wright v. Wright*, No. 12-cv-0228-CVE-TLW, 2012 WL 1435656, at *2 (N.D. Okla. Apr. 25, 2012).

In his Complaint, Plaintiff does not allege that Ms. Bovo is a state actor. *See* [Doc. 1 at ¶ 12]; *compare* [*id.* at ¶¶ 8-11 (alleging that former Defendants Brown, Foley, Montoya-Collins, and Ahlberg were "acting under color of state law")]. Nor does Plaintiff allege that Ms. Bovo's alleged conduct is otherwise chargeable to the state. *See generally* [*id.*]. And in his Response to the Order to Show Cause, Plaintiff "acknowledge[es] that the remaining claims against Ms. Bovo are state law claims." [Doc. 36 at ¶ 9]. In other words, Plaintiff appears to represent to the Court that he does not assert § 1983 claims against Ms. Bovo and appears to concede that this Court lacks federal question jurisdiction over this matter. *See* [*id.* (Plaintiff stating that this Court can "terminate the remaining claims based on lack of subject matter jurisdiction")]. The Court concludes that Plaintiff has not met his burden of establishing the Court's jurisdiction over the remaining claims pursuant to § 1331.[5]

---

[5] For this same reason, the Court lacks jurisdiction under 28 U.S.C. § 1343, which provides that a district court has jurisdiction over a civil action "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States . . . ." 28 U.S.C. § 1343(a)(3). "To establish subject matter jurisdiction under § 1343, the plaintiff must show that the defendant acted 'under color of any state law.'" *Elliott v. Chrysler Fin.*, 149 F. App'x 766, 768 (10th Cir. 2005) (quoting 28 U.S.C. § 1343(a)(3)).

The Court further notes that § 1332 does not appear to be a viable jurisdictional basis in this case. Under § 1332, federal courts have subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The Complaint does not allege that Plaintiff and Ms. Bovo are citizens of different states. *See* [Doc. 1 at ¶¶ 6, 12 (alleging that both Plaintiff and Defendant are "citizen[s] of the United States and . . . resident[s] of Colorado.")]; *see also Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006) ("For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile."). Because it is Plaintiff's burden to establish this Court's jurisdiction, *see Radil*, 384 F.3d at 1224, and because Mr. Bovo does not attempt to invoke diversity jurisdiction under 28 U.S.C. § 1332 in his Complaint or his Response, [Doc. 1; Doc. 36], Court does not construe Plaintiff's filings as asserting jurisdiction under § 1332.[6]

Insofar as Plaintiff states that the Court may, in its discretion, "decide to hear the remaining claims," [Doc. 36 at ¶ 9], the Court construes this assertion as a request that the Court maintain supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367, which provides that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

---

[6] Similarly, while Plaintiff asserts that the Court has jurisdiction under 28 U.S.C. §§ 2201, this statute "does not confer jurisdiction upon federal courts." *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th Cir. 1996).

7

28 U.S.C. § 1367(a).  "[S]upplemental jurisdiction is not a matter of the litigants' right, but of judicial discretion."  *Est. of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004).  The Tenth Circuit has directed that "[i]f federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'"  *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  Plaintiff raises no argument why this Court should exercise supplemental jurisdiction over the remaining claims in this case now that no federal claims exist.  *See* [Doc. 36].

The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.  Colorado state courts are well-versed in the contours of state law, and "federal courts should strive to avoid deciding issues of state law when, as here, it is possible to do so."  *Favela v. City of Las Cruces ex rel. Las Cruces Police Dep't*, 431 F. Supp. 3d 1255, 1279 (D.N.M. 2020); *see also Johnson v. Goodwill Ind. of Denver*, No. 18-cv-02574-GPG, 2018 WL 10483460, at *4 (D. Colo. Nov. 13, 2018) ("Claims based on Colorado state law should be litigated in the state courts if a plaintiff cannot otherwise state a federal cause of action to show that federal question jurisdiction exists in this Court.").  Moreover, this case is still in its very early stages; there has been no Scheduling Conference in this case, and it is presently unclear whether the Parties have exchanged initial disclosures; thus, the Court can identify no practical reason why this case should remain in federal court.  Accordingly, the Court concludes that state court is the most appropriate venue for Plaintiff's state-law claims.

Because the Court does not have original jurisdiction over Plaintiff's remaining claims and declines to exercise supplemental jurisdiction over Plaintiff's state-law claims, the case must be

dismissed without prejudice.  *See* Fed. R. Civ. P. 12(h)(3), *Bauchman*, 132 F.3d at 549.  In so ruling, the Court does not pass on any issues related to the application of Colo. Rev. Stat. § 13-80-111 to Plaintiff's claims, should he decide to file suit in state court.

## CONCLUSION

For the reasons set forth herein, it is hereby **ORDERED** that:

(1)  This case is **DISMISSED without prejudice**; and

(2)  The Clerk of Court is **DIRECTED** to terminate this case accordingly.


DATED: September 19, 2022                                BY THE COURT:

_____
Nina Y. Wang
United States District Judge